UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HILARIO SUAREZ AGUILAR,

Petitioner,

v.

WARDEN OF THE CORE CIVIC CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-05152-KES-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITION[1]

(Doc. 1)

FOURTEEN-DAY OBJECTION PERIOD

Petitioner Hilario Suarez Aguilar, an immigration detainee proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). He contends that his continued detention has become unreasonably prolonged in violation of his Fifth Amendment Due Process Clause and requests, *inter alia*, immediate release. (*Id*. at 25). Respondents contend that Petitioner failed to exhaust administrative remedies and that the procedures governing his detention under 8 U.S.C. § 1226(a) satisfy due process. (Doc. 8). In reply, Petitioner argues that his detention is indefinite and that due process requires consideration of alternative to detention. (Doc. 12).

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

The question raised presented by the Petition is whether Petitioner has established a statutory or constitutional entitlement to release or an additional bond hearing after receiving a counseled custody determination under § 1226(a). For the reasons below, the undersigned recommends denying the Petition.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. According to the record in his earlier habeas proceedings, he entered the United States without inspection on an unknown date and has resided in this country for more than twenty years. (*See* Case No. 1:25-cv-01742-KES-HBK, at Docs. 1 at 9, 7-1).

On June 17, 2025, immigration authorities arrested Petitioner at a scheduled interview concerning his I-485 Adjustment of Status application. (*Id*. at Doc. 1 at 9, Doc. 7-1 at 2). That same day, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection). (*Id*. at Doc. 7-1).

Petitioner filed his first habeas petition on December 4, 2025. (*Id*. at Doc. 1). On February 6, 2026, the undersigned recommended finding that § 1226(a), rather than § 1225(b)(2)(A), governed his detention and granting relief. (*Id*. at Doc. 9). The district judge adopted those findings and recommendations on February 7, 2026, and directed Respondents to either release Petitioner or to provide a bond hearing under § 1226(a). (*Id*. at Doc. 11).

Petitioner thereafter received a bond hearing before an immigration judge ("IJ"), at which he was represented by counsel. In an order dated February 13, 2026, the IJ denied bond, after finding that Petitioner presented a flight risk. (Doc. 8-1). Petitioner reserved the right to appeal, but the record does not reflect that he appealed the custody determination to the Board of Immigration Appeals (BIA).

Petitioner filed this Petition on July 6, 2026, together with a motion for temporary restraining order. (Docs. 1, 2). On July 17, 2026, the district judge denied the motion because Petitioner had not established an entitlement to a second bond hearing under § 1226(a) and referred the Petition to the undersigned for consideration on the merits. (Doc. 11).

Petitioner remains detained in the California City Detention Facility in California City, California. (Doc. 1 at 2).

## II. APPLICABLE LAW

### A. Habeas Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction under 28 U.S.C. § 2241 to immigration detention that are sufficiently independent of the merits of a removal order. *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

Petitioner challenges the legality of his continued detention, not the merits of a removal determination. The Court therefore considers his statutory and constitutional claims concerning that detention.

### B. Prudential Exhaustion

Although 28 U.S.C. § 2241 does not expressly require exhaustion, courts generally require petitioners, as a prudential matter, to exhaust available judicial and administrative remedies before seeking habeas relief. *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

Prudential exhaustion may be appropriate when agency expertise is necessary to develop the record, excusing exhaustion would encourage deliberate circumvention of the administrative process, or administrative review could correct agency error and eliminate the need for judicial intervention. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). A court may excuse exhaustion when available remedies are inadequate, irreparable injury may result without immediate judicial relief, or exhaustion would be futile. *Laing*, 370 F.3d at 1000-01.

### C. Detention Under § 1226

Section 1226(a) authorizes detention pending a decision on removal and permits release on bond or conditional parole. *Rodriguez Diaz v. Garland*, 53 F.4th at 1196 (9th Cir. 2022).

A detainee detained under § 1226(a) may request a custody redetermination before an IJ

and ordinarily bears the burden of establishing that release is warranted. *Jennings*, 583 U.S. at 306; *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). A detainee may also seek a subsequent custody redetermination by demonstrating materially changed circumstances. 8 C.F.R. § 236.1(d)(1), 1003.19(e); *Rogriguez Diaz*, 53 F.4th at 1197.

D. Procedural Due Process

The Fifth Amendment protects persons within the United States, including noncitizens, from deprivation of liberty without due process of law. *Trump v. J.G.G*., 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993); *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The process required depends on the nature of deprivation and the circumstances of the case. *Zadvydas*, 533 U.S. at 693.

In assessing a procedural due process challenge to § 1226(a) detention, the Ninth Circuit has applied the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Rodriguez Diaz*, 53 F.4th at 1206-14. That framework considers the private interest affected, the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards, and the government's interests. *Mathews*. 424 U.S. at 335.

## III. ANALYSIS

A. Prudential Exhaustion

Respondents argue Petitioner was required to appeal the IJ's bond determination to the BIA before seeking habeas relief. (Doc. 8 at 3). The record does not reflect that Petitioner pursued such an appeal. That omission would be significant if he sought correction of an error that the BIA could address in reviewing the IJ's custody determination.

Liberally construed, however, the Petition principally challenges the constitutional adequacy of continued detention under the existing procedural framework, rather than merely disputing the IJ's assessment of flight risk. (*See* Docs. 1, 12). The Court recommends exercising it discretion to excuse prudential exhaustion for purposes of resolving that legal challenge. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper because petitioner raised a purely legal challenge); *see also, e.g., Gagik T. v. Chestnut*,

2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026) (prudential exhaustion factors weigh against exhaustion when petitioner asserts procedural due process claim).

The Court's decision to excuse exhaustion does not establish that the procedures available to Petitioner were inadequate. Whether a court may waive administrative review and whether the remedy provides a meaningful procedural safeguard are distinct questions. The Court therefore considers the Petition on the merits while accounting for the review mechanisms available under § 1226(a).

B. Petitioner Has Not Established a Statutory Right to Release or an Additional Bond Hearing

To the extent Petitioner contends that the Immigration and Nationality Act requires release or another bond hearing solely because his detention has become prolonged, *Jennings* forecloses that statutory theory.

In *Jennings*, the Supreme Court held that § 1226(a) does not require periodic bond hearings at six-month intervals or require the government to justify continued detention by clear and convincing evidence at those hearings. 583 U.S.C. at 306. The Court left the constitutional questions for consideration on remand. *Id*. at 312.

Accordingly, the passage of time alone does not establish the additional statutory entitlement Petitioner asserts. His constitutional claim requires separate consideration.

C. Petitioner Has Not Established That the Available Procedures Are Constitutionally Inadequate as Applied to Him

Petitioner characterizes his detention as prolonged and indefinite and contends that continued custody violates due process. (Doc. 1 at 2; Doc. 12). His liberty interest is substantial. The question, however, is not simply whether detention has continued for a substantial period, but whether the procedures afforded and available to him adequately protect against erroneous continued confinement.

*Rodriguez Diaz* provides the governing framework. There, the Ninth Circuit considered whether a person detained under § 1226(a), who had already received a bond hearing, was constitutionally entitled to a second hearing at which the government would bear the burden of

proof by clear and convincing evidence. 53 F.4th at 1193. Applying *Mathews*, the court rejected the facial and as-applied challenges presented. *Id*. at 1206-14. Its analysis considered not only the duration of detention, but also the initial individualized hearing, the opportunity for administrative appeal, and the availability of a subsequent custody redetermination upon materially changed circumstances. *Id*.

Petitioner has not established a material distinction between his case and *Rodriguez Diaz*. First, Petitioner received an individualized bond hearing. Following relief in his earlier habeas proceeding, he appeared before an IJ with counsel, and the IJ denied bond based on a finding that he presented a flight risk. (Doc. 8-1).

Second, administrative review was available. Petitioner reserved the right to appeal the adverse custody determination, but the record does not reflect that he exercised that right. (Doc. 8-1). His failure to appeal does not independently resolve his constitutional claim. It does, however, undermine an argument that the governing framework afforded no meaningful opportunity to correct an erroneous custody determination.

Third, the regulatory framework permits Petitioner to seek another custody redetermination upon a showing of materially changed circumstances. 8 U.S.C. § 1003.19(e). Petitioner has not shown that this mechanism is unavailable to him or constitutionally inadequate to address a material change bearing on the necessity of his continued detention.

The Court does not minimize the burden of continued confinement. Even assuming that Petitioner's detention is prolonged, however, duration alone does not establish that an additional hearing is constitutionally required under the circumstances presented. Nor does the fact that Petitioner's detention began before his February 2026 hearing render that hearing irrelevant to the adequacy of the process received.

On the present record. Petitioner has not identified a procedural deficiency or a material circumstance that warrants a different result under *Rodriguez Diaz*. *See also Jose Pablo Hernandez Cortez v. Warden, California City Immigration Processing Center*, 2026 WL 2869777, at *3 (E.D. Cal. Sept. 23, 2026). Petitioner's disagreement with the outcome of the bond hearing does not, without more, establish that the opportunity to contest detention was

constitutionally insufficient.

D. Petitioner's Request for Consideration of Alternatives to Detention Does Not Establish Entitlement to Habeas Relief

Petitioner also generally argues that due process requires consideration of alternatives to detention. (Doc. 1 at 23-24). Section 1226(a) permits release on bond or conditional parole, but the availability of those alternatives does not establish that Petitioner is entitled to release or to a new custody hearing in this proceeding.

The IJ denied bond based on a finding of flight risk. (Doc. 8-1). The record described above does not establish whether, or to what extent, particular alternatives were presented and considered at the hearing. As presented, Petitioner's general request for alternatives does not identify a specific defect in the hearing or establish why the available procedures for administrative review and custody redetermination are constitutionally insufficient. Thus, it does not supply an independent basis for habeas relief.

E. Conditions of Confinement

Petitioner also describes poor conditions at the detention center. (Doc. 1 at 10; Doc. 12 at 3-4). To the extent he asserts an independent challenge to the conditions of his confinement, rather than the legality of his custody, that claim is not cognizable in this habeas proceeding. *See Doe v Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024).

## IV. CONCLUSION

Petitioner received a counseled bond hearing under § 1226(a), had an opportunity to appeal the adverse custody determination, and make seek a subsequent redetermination upon the showing of materially changed circumstances. Although his continued detention implicates a substantial liberty interest, he has not established that the procedures afforded and available to him are constitutionally inadequate under the circumstances presented. Nor has he established a statutory entitlement to release, or an additional bond hearing, based solely on the duration of detention.

Accordingly, IT IS RECOMMENDED that**:**

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) be DENIED.

2. Petitioner's motion for appointment of counsel (Doc. 3) be DENIED as moot.

3. The Clerk of Court be directed to enter judgment and close this case.

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 16, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE